# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

JOSEPH BARNHART,

    Petitioner,

v.                                                                                    Civil Action No. 3:15cv99
                                                                               (Groh)

JENNIFER SAAD, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 7, 2015, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 14, 2015, he paid the $5.00 filing fee. On August 28, 2015, Petitioner filed a "Reply to Magistrate Judge Seibert Notification" and included a Motion to Appoint Counsel, Motion to reverse, vacate and remand case to instant district, Motion for Leave to File supplement 2241, and a "supplemental" 2241.[1] Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his sentence imposed by the United States District Court for the Northern District of West Virginia. This matter is pending before the undersigned for a Report and

---

[1] On July 9, 2015, Petitioner filed a free form Motion for Relief under § 2255, or alternatively § 2241, Audita Querela/Coram Nobis. For administrative purposes, the pleading was filed as a habeas petition pursuant to 28 U.S.C. § 2241 and assigned Civil Action No. 1:15cv113-IMK-JES. On July 13, 2015, Magistrate Judge Seibert issued a Notification advising Petitioner that his case would be closed in thirty days, and if he wished to proceed, he must filed his habeas petition on the court-approved form which was sent to him with the notification. On August 7, 2015, Petitioner filed his petition on the court-approved form, and on August 25, 2015, the original case was closed. Petitioner appears to be acting under the misapprehension that he required permission of the Court to "supplement" when he filed the form petition. Furthermore, a careful comparison of the document received on August 7, 2015, and the "Supplemental" petition attached to his August 28, 2015 "Motion to Supplement" reveal that they are identical. Accordingly, the undersigned has included a recommendation that Petitioner's Motion [ECF No. 6] be denied as moot.

Recommendation.

## II. FACTS[2]

On November 15, 2011, Petitioner was named in a two-count Indictment. Count One charged him with distribution of heroin, as designated by 21 U.S.C. § 812, Schedule I (b)(10), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)( C ), and Count Two charged him with possession with intent to distribute heroin, as designated by 21 U.S.C. § 812(c), Schedule I (b)(10), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)( C ).

On January 20, 2012, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Two. Paragraph two of the Plea Agreement specified that the maximum penalty Petitioner would be exposed to by virtue of his plea was not more than twenty years' incarceration. On January 26, 2012, Petitioner entered his plea in open court.

On May 10, 2012, Petitioner appeared before the Court for sentencing After considering several factors, including the circumstances of the crime; the defendant himself; his family history; past criminal history; and the sentencing objectives of punishment, the Court sentenced Petitioner to a term of 120 months imprisonment, 3 years supervised release, and a $100.00 special assessment. Petitioner did not file a direct appeal.

On November 26, 2012, Petitioner filed *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner raised three claims:

> 1. That pursuant to the Fourth Circuit Court of Appeals' decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), he no longer had the qualifying predicate convictions to sustain his Career Offender sentence, because he never received a sentence greater than twelve months for any of his prior convictions. Petitioner also relied on Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) in

---

[2]The facts are taken from Petitioner's criminal case 3:11cr63.

support of his argument.

    2. Counsel did not challenge the use of his prior convictions as predicate offenses for the application of U.S.S.G. §4B1.1.

    3. Counsel failed to file an appeal on his behalf.

More specifically, Petitioner claimed that he was "factually" and legally" innocent of the 120-month sentence he received under the Career Offender guidelines. For relief, Petitioner sought to have his "illegal" and "unconstitutional sentence vacated and recalculated, that his sentence be vacated and he be granted an evidentiary hearing to determine the validity of his prior convictions.

On February 19, 2013, Magistrate Judge Seibert entered a Report and Recommendation in which he recommended that Petitioner's § 2255 Motion be dismissed with prejudice in light of the plea agreement. Petitioner did not file objections, and on March 19, 2013, the Court adopted the Report and Recommendation an dismissed the matter with prejudice.

On April 3, 2013, Petitioner filed a Notice of Appeal. On September 30, 2013, the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed his appeal.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal

3

pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In the instant action, Petitioner attacks the validity of his sentence rather than the means of execution and seeks an order deeming him "not a valid career offender." ECF No. 1 at 8. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. However, a federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a

4

limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, at 1194. Moreover, in Jones, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In analyzing Petitioner's challenge to his sentence in the context of the savings clause as set forth in Jones, the undersigned has relied on the recent Fourth Circuit decision in United States v. Surratt, 2015 WL 4591677 (4th Cir. July 31, 2005).

In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp and held that a prior

5

conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

On appeal, the Fourth Circuit affirmed the district court and emphasized that "Jones opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Id.*4 As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *6 (internal citations omitted).

The decision in Surratt, is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a

sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[3]

Here, Petitioner does not argue that he is imprisoned for an offense that is no longer a crime. Rather, relying on Descamps v. United States, 133 S.Ct. 2276 (2013)[4] and Johnson v. United States, 135 S.Ct. 255 (2015)[5], Petitioner argues that he was improperly sentenced as a career criminal utilizing state convictions which are not qualified convictions.[6] Because he does not allege that he is innocent of his crime of conviction and only challenges the validity of his sentence, he raises an argument that is foreclosed by the Fourth Circuit's decision in Surratt. Moreover, both Descamps and Johnson involve sentences under the Armed Career Criminal Act, not Career Offenders under § 4B1.1 of the Guideline Manual.

---

[3]In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit.)

[4]Finding that a prior California burglary conviction was not a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"). More specifically, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S.Ct. At 2282..

[5]Holding that imposing an increased sentence under the ACCA's residual clause violates due process.

[6]According to the PSR, Petitioner was convicted on June 19, 2003, of Assault-Second Degree, in the District Court for Baltimore City, Maryland, and he was convicted on July 8, 2009, of Robbery-Second Degree, in the Circuit Court for Boyd County, Kentucky. Petitioner maintains that neither conviction qualifies as a violent felony.

The undersigned notes that Petitioner relies on the decision in Bryant v.Warden, 738 F.3d 1253 (11th Cir. 2013),[7] for the proposition that he can raise his sentencing enhancement in this § 2241petition.[8] However, following the Eleventh Circuit decision would conflict with the Fourth Circuit precedent as outlined above. Moreover, even under the decision in Bryant, Petitioner would not be entitled to relief, because his sentence of 120 months did not exceed the statutory maximum of twenty years authorized by Congress.[9]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**. In addition, the undersigned recommends that Petitioner's Motion to Appoint Counsel, Motion to reverse, vacate and remand case to instant district and Motion for Leave to File supplement to 2241 [ECF No. 6] be **DENIED AS MOOT**.

---

[7] The Eleventh Circuit Court of Appeals concluded that the savings clause reaches not only actual-innocence claims, but also Bryant's statutory claim that his § 924(e) erroneous sentence exceeded the statutory maximum penalty in § 924(a) for his § 922(g) crime.

[8] There can be no argument that there are varied tests used by the different circuits to define the application of the savings clause. In Bryant, the Eleventh Circuit applied a five-part test that extends beyond decriminalized conduct to 922(g)(1) sentences no longer subject to the ACCA, which generally parallels the approach of the First, Sixth, and Ninth Circuits. Bryant, 738 F.3d at 1278, 1280. The Seventh Circuit has the most permissive approach and allows challenges based on career offender guidelines. Id. at 1280-81. On the other end of the spectrum, the Tenth Circuit will only allow a claim when barring it would render § 2255(h) unconstitutional, but has yet to identify such a circumstance. Id. at 1279. The Eighth Circuit has not used the savings clause to address either conduct or sentencing claims. Id. at 1281. The Second, Fifth and Fourth Circuits allow the savings clause to reach conduct later determined not to be criminal but not sentences. Id. at 1280.

[9] In Bryant, the petitioner's sentence of 235 months for an 18 U.S.C. § 922(g) conviction exceeded the 10-year statutory maximum penalty authorized by Congress under 18 U.S.C. § 924(a).

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 21, 2015

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE