**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOSEPH BARNHART,**

        Petitioner,

**v.**                                **CIVIL ACTION NO.: 3:15-CV-99
(GROH)**

**JENNIFER SAAD,
Warden,**

        Respondent.

## ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DISMISSING CASE

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull.[1] Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. The magistrate judge issued his R&R [ECF No. 7] on September 21, 2015. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] be denied with prejudice. The magistrate judge further recommends that a separate document filed by the Petitioner and styled as a reply brief [ECF No. 6] be denied as moot. For the following reasons, the Court **DECLINES TO ADOPT** the R&R and **DISMISSES** the above-styled civil action.

In reviewing an R&R, this Court is required, pursuant to 28 U.S.C. § 636(b)(1)(C), to conduct a *de novo* review of those portions of a magistrate judge's findings to which

---

[1] Shortly after issuing the R&R in this case, Magistrate Judge Kaull retired. This case has since been assigned to United States Magistrate Judge Michael John Aloi.

objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Service was accepted at the Federal Correctional Institution, Hazelton, on September 24, 2015.  Thereafter, the Petitioner timely filed his objections,[2] which the Court received on October 1, 2015.  This matter is now ripe for review.[3]

## I. Background

On May 10, 2012, the Petitioner was sentenced by a court in the Northern District of West Virginia to a term of 120 months' imprisonment.  The Petitioner's sentence was imposed pursuant to a non-binding plea agreement in which the Petitioner pleaded guilty to Count 2 of an indictment, charging him with possession with the intent to distribute 6.41

---

[2] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

[3] On January 8, 2016, the Court received the Petitioner's Motion to Enlarge Time to Properly Reply to Respondent[']s/Court[']s/Pleadings/Orders/Responses.  ECF No. 11.  In that motion, the Petitioner seeks an extension of the deadline by which he must file a reply to the Respondent's response and any Court orders. The Court will deny this motion.  The Respondent in this matter has not appeared and has not filed a response brief.  Furthermore, the Petitioner timely filed his objections to the magistrate judge's report and recommendation, which the Court received on October 1, 2015.

grams of heroin. The district court sentenced the Petitioner to 120 months' imprisonment upon finding that the Petitioner qualified for designation as a "career offender" under United States Sentencing Guidelines § 4B1.1. The Petitioner did not pursue a direct appeal of his sentence, but did file a *pro se* motion under 28 U.S.C. § 2255 in which he asserted that his prior convictions could not serve as predicate offenses for purposes of career offender designation under Guidelines § 4B1.1. In the same motion, the Petitioner argued that his counsel had rendered ineffective assistance in failing to contest the prior convictions issue and in failing to file a direct appeal. United States Magistrate Judge James E. Seibert issued an R&R on February 19, 2013, in which he recommended the district court deny and dismiss the Petitioner's § 2255 motion. The Petitioner did not file objections to Magistrate Judge Seibert's R&R. The district court adopted the R&R on March 19, 2013, and dismissed the Petitioner's motion with prejudice. In a supplemental order, the district court denied a certificate of appealability. Thereafter, the United States Court of Appeals for the Fourth Circuit dismissed the Petitioner's appeal, finding that the Petitioner failed to demonstrate that he was entitled to a certificate of appealability on the issues raised in his § 2255 motion.

On August 7, 2015, the Petitioner filed the instant petition under 28 U.S.C. § 2241. The petition was accompanied by a separate filing, captioned as a "reply." On August 28, 2015, the Petitioner filed near-identical versions of the same documents. ECF No. 6. In sum, the Petitioner argues that the career offender enhancement that was applied by the district court at sentencing is now unlawful because his predicate offenses fall under the "residual clause" of Guidelines § 4B1.2(a)(2), which the Petitioner argues was deemed unconstitutional by the United States Supreme Court in <u>Johnson v. United States</u>, — U.S.

—, 135 S. Ct. 2551 (2015). In the brief appended to his § 2241 petition, the Petitioner contends that one of his two predicate offenses—a conviction for second-degree assault in Maryland—is invalid twice over, in light of the Supreme Court's holding in <u>Descamps v. United States</u>, — U.S. —, 133 S. Ct. 2276 (2013).

On September 21, 2015, Magistrate Judge Kaull issued his R&R, recommending that this Court deny the Petitioner's § 2241 petition with prejudice. Specifically, the magistrate judge found that the Petitioner's arguments were foreclosed by the Fourth Circuit's decision in <u>United States v. Surratt</u>, 797 F.3d 240 (4th Cir. 2015), <u>reh'g en banc granted</u>, (4th Cir. Dec. 2, 2015). The Petitioner objected to the magistrate judge's R&R with arguments similar to those put forward in his § 2241 petition and the attachment thereto. The Petitioner again asserts that his prior convictions cannot serve as predicate offenses under Guidelines §§ 4B1.1 and 4B1.2(a)(2) in the wake of the Supreme Court's holdings in <u>Johnson</u> and <u>Descamps</u>. Consistent with his original petition, the Petitioner argues that he is "innocent of his crime of being deemed a career criminal, of his prior predicate convictions, [and] of the residual clause sentence," because his predicate offenses were "unlawfully used" to categorize the Petitioner as a career offender under the United States Sentencing Guidelines. On December 2, 2015, the United States Court of Appeals for the Fourth Circuit issued an order granting rehearing en banc in <u>Surratt</u>. The grant of rehearing vacated the original panel's decision. <u>See</u> 4th Cir. R. 35(c). Because the magistrate judge relied heavily on <u>Surratt</u> in recommending that this Court deny the petition in this case, the Court must decline to adopt the R&R. Upon *de novo* review of the instant 28 U.S.C. § 2241 petition and the entire record, the Court concludes that the petition must be dismissed regardless of the ultimate disposition of the <u>Surratt</u> appeal.

## II.  Discussion

It is "well established" that a defendant who seeks to challenge his or her conviction or sentence should do so through 28 U.S.C. § 2255.  <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); <u>see also, e.g.</u>, <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) ("[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255.").  Conversely, 28 U.S.C. § 2241 "is typically used to challenge the manner in which a sentence is executed," as opposed to a conviction or the imposition of a sentence.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 900 (5th Cir. 2001).  A petitioner may not file a second or successive § 2255 motion attacking a conviction or sentence "without first receiving permission to do so from the appropriate circuit court of appeals."  <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

The "savings clause" of § 2255 allows a petitioner to bring certain claims through a § 2241 petition that would otherwise be inappropriate, but only under specific circumstances.  Pursuant to the savings clause, a prisoner may seek relief by challenging the validity of his conviction or sentence under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  <u>See</u> 28 U.S.C. § 2255(e); <u>In re Vial</u>, 115 F.3d at 1194.  A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is a stringent one.  <u>See</u> <u>Blow v. Stansberry</u>, Civil Action No. 2:08-CV-426, 2008 WL 7703018, at *1 (E.D. Va. Oct. 16, 2008) (citing <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam)), <u>aff'd per curiam</u>, 325 F. App'x 224 (4th Cir. 2009).  A remedy is not inadequate or ineffective merely

because a petitioner has been unable to obtain relief under § 2255 or because a petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d at 1194 n.5. In the Fourth Circuit, § 2255 is deemed to be inadequate or ineffective to test the legality of a conviction when all three of the following conditions are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The original Fourth Circuit panel in Surratt found that there exists "a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction," but the panel concluded that such relief is allowed only where actual innocence of the criminal act is established, i.e., "where the acts for which the defendant was convicted are not a crime." Surratt, 797 F.3d at 247. The panel held that because sentencing enhancements, including predicate convictions, are not treated as "elements" of an offense, a petitioner cannot be "actually innocent" of such an enhancement and therefore cannot satisfy the requirements of the savings clause. Id. at 248-49. As noted, the grant of rehearing in Surratt vacated the original panel's decision.

Regardless of the ultimate disposition of the Surratt appeal on rehearing, this Court finds that the Petitioner is unable to meet the savings clause of 28 U.S.C. § 2255(e) and the requirements articulated in Jones. The fundamental defects that have been alleged during the Surratt appeal are not at issue here. There is agreement that Descamps is not retroactively applicable to judgments and sentences, like the Petitioner's, that became final

before <u>Descamps</u> was decided.  <u>See, e.g.</u>, <u>Groves v. United States</u>, 755 F.3d 588, 593 (7th

Cir.), <u>cert. denied</u>, 135 S. Ct. 501 (2014); <u>Whittaker v. Chandler</u>, 574 F. App'x 448, 449 (5th

Cir. 2014) (per curiam) (unpublished); <u>United States v. Montes</u>, 570 F. App'x 830, 831 (10th

Cir. 2014) (unpublished); <u>Hooker v. United States</u>, No. 5:02CR28-01, 2015 WL 366435, at

*3 (N.D. W. Va. Jan. 26, 2015) (collecting cases and concurring with those federal courts

of appeals that have concluded "that <u>Descamps</u> should not be applied retroactively").

It is an open question among the federal courts of appeals whether <u>Johnson</u> should

apply retroactively.  <u>Compare</u> <u>Price v. United States</u>, 795 F.3d 731, 732 (7th Cir. 2015)

("<u>Johnson</u> announces a new substantive rule of constitutional law that the Supreme Court

has categorically made retroactive to final convictions."), <u>with</u> <u>In re Rivero</u>, 797 F.3d 986,

989 (11th Cir. 2015) (rejecting the notion that the Supreme Court has held that the rule in

<u>Johnson</u> should apply retroactively on collateral review), <u>and</u> <u>In re Williams</u>, 806 F.3d 322,

325-26 (5th Cir. 2015) (concluding that <u>Johnson</u> is not retroactively available to a prisoner

on collateral review).[4]  The United States Supreme Court recently granted a writ of

---

[4] Although the Supreme Court in <u>Johnson</u> declared the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague, the Petitioner in the instant case was not sentenced under the ACCA, but rather under the residual clause of United States Sentencing Guidelines § 4B1.2(a)(2). District courts in the Fourth Circuit have reached divergent conclusions on the issue of whether <u>Johnson</u> is applicable to the corresponding residual clause of Guidelines § 4B1.2(a)(2).  <u>Compare</u> <u>United States v. Cotton</u>, No. 7:15-CR-21-FL, 2015 WL 4757560, at *1 (E.D.N.C. Aug. 12, 2015) ("The advisory Sentencing Guidelines are not susceptible to vagueness challenges because they do not proscribe conduct."), <u>appeal docketed</u>, No. 15-4480 (4th Cir. Aug. 13, 2015), <u>and</u> <u>McRae v. United States</u>, No. CIV. PJM 13-3331, 2015 WL 4641167, at *4 n.1 (D. Md. Aug. 3, 2015) (stating that <u>Johnson</u> does not apply when a defendant challenges his career offender designation under the Sentencing Guidelines because the Guidelines "require a different analysis being merely advisory"), <u>with</u> <u>United States v. Litzy</u>, No. CR 3:15-00021, 2015 WL 5895199, at *7 (S.D. W. Va. Oct. 8, 2015) ("[E]nhancing a convicted individual's sentence under the residual clause of the career offender enhancement denies due process of law because the residual clause is unconstitutionally vague.") (internal citation omitted).  A similar split exists among the federal courts of appeals that have addressed the applicability of the holding in <u>Johnson</u> to the residual clause contained in Guidelines § 4B1.2(a)(2).  <u>Compare</u> <u>United States v. Madrid</u>, 805 F.3d 1204, 1211 (10th Cir. 2015) ("Because the Guidelines are the beginning of all sentencing determinations, and in light of the unavoidable uncertainty and arbitrariness of adjudication under the residual clause, we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness.") (internal quotation marks and citation omitted), <u>with</u> <u>United States v. Matchett</u>, 802 F.3d 1185,

certiorari in a case presenting issues related to <u>Johnson</u>'s retroactivity.  <u>See</u> <u>Welch v.</u>
<u>United States</u>, No. 15-6418, — S. Ct. —, 2016 WL 90594 (Jan. 8, 2016).

This Court dismisses the instant 28 U.S.C. § 2241 petition because 28 U.S.C.
§ 2255 is adequate to test the legality of the Petitioner's detention.  Pursuant to 28 U.S.C.
§ 2244 and § 2255(h), a second or successive § 2255 motion must be certified by the
appropriate court of appeals to contain either newly discovered evidence of actual
innocence or, as pertinent here, "a new rule of constitutional law, made retroactive to cases
on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C.
§ 2255(h).  While there is no indication that the Petitioner has sought certification from the
Fourth Circuit to proceed with a second or successive motion under § 2255, this Court finds
that such a request for certification is the proper avenue by which the Petitioner should
proceed.  If <u>Johnson</u> is deemed retroactive, the Petitioner's prospects for relief will depend
on the willingness of the Fourth Circuit to certify the Petitioner's second or successive
§ 2255 motion.  <u>See</u> <u>Jackson v. O'Brien</u>, No. 1:13CV256, 2015 WL 4389561, at *3 n.7
(N.D. W. Va. July 17, 2015) (citing 28 U.S.C. § 2255(h)(2)); <u>see also</u> <u>Young v. Thomas</u>, No.
4:15-CV-03039-RMG, 2015 WL 9273930, at *2 (D.S.C. Dec. 21, 2015) ("To the extent that
<u>Johnson</u> is made retroactive to cases on collateral review, Petitioner may file a motion with
the Fourth Circuit Court of Appeals pursuant to § 2244 to certify a successive § 2255
petition.  To the extent <u>Johnson</u> is not retroactive and does not apply to cases on collateral
review, he cannot obtain relief in any habeas proceeding, § 2255 or otherwise.") (internal
quotation marks and citation omitted), <u>appeal docketed</u>, (4th Cir. Jan. 7, 2016); <u>cf.</u> <u>Lamkin</u>

---

1196 (11th Cir. 2015) (rejecting the argument that <u>Johnson</u> rendered the residual clause of Guidelines
§ 4B1.2(a)(2) unconstitutional, because advisory guidelines "cannot be unconstitutionally vague").

v. United States, No. CR 3:02-852, 2015 WL 5089577, at *3 (D.S.C. Aug. 26, 2015) (dismissing a § 2255 motion and stating that "[e]ven if Johnson is retroactively applicable to cases on collateral review such that it could render Movant's motion timely, this court is still without jurisdiction to review Movant's motion to vacate without authorization from the Fourth Circuit.").

This Court finds that 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of the Petitioner's detention. Therefore, because the Petitioner cannot satisfy the savings clause of § 2255(e), his 28 U.S.C. § 2241 petition must be dismissed.

### III. Conclusion

Accordingly, for the reasons provided herein, the Court **DECLINES TO ADOPT** the magistrate judge's Report and Recommendation [ECF No. 7]. Upon review of the record in this case, including the Petitioner's objections to the R&R, the Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is hereby **DISMISSED**. The Court further **ORDERS** that the Petitioner's other filings [ECF Nos. 6 and 11] are **DENIED**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58. As the Petitioner is a federal prisoner seeking relief through a 28 U.S.C. § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address.

**DATED:** January 28, 2016

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE